Appeal from a judgment based upon a jury verdict for the plaintiffs in an action to set aside certain deeds on the ground of fraud. We affirm.
Initially, it is helpful to detail the relationship of the parties because all of them are descendants of Hulet Cox, the predecessor in title to the real property in question. Hulet Cox and Louise Cox, husband and wife, owned forty acres of farm land in Limestone County. They had four children: Inez, Donald, John Douglas, and Catheryn. Hulet died in 1965. John Douglas died in 1967, leaving two children, John and Marilyn. Catheryn died in 1972, leaving one child, Peggy. Hulet left no will.
After Hulet passed away, Louise continued to live on the farm. In August 1973 Louise decided to sell her property to her two living children and went to a lawyer, with whom the sale was discussed. Louise had with her the deed through which she and Hulet had received the property. Deeds were prepared between Louise, Donald and his wife, and Inez, giving each of the surviving children half of the original forty-acre tract. The children of the two deceased siblings were omitted from the deeds. Following Louise's death in 1981, the grandchildren brought this action alleging fraud in the procurement of these deeds and asserting that Inez and Donald each owned an undivided one-fourth interest in the original tract (less one acre earlier deeded *Page 528 
by Hulet and Louise to Inez, about which there is no dispute), and that the children of Hulet's deceased children owned their respective deceased parent's undivided one-fourth share. They alleged that the property could not be equitably divided; prayed that the deeds to Donald and Inez be declared nullities on account of fraud and that the land be sold for division of the proceeds among the owners according to their interests.
Following a trial during which defendants made a timely motion for a directed verdict, the jury rendered verdicts finding that the deeds in question were given as a result of fraud on the part of Donald and Inez. Thereupon, the trial court entered a judgment setting those deeds aside, declared ownership of the property according to the plaintiffs' prayer, ruled that the property could not be equitably divided and ordered a sale for division, and entered a Rule 54 (b), A.R.Civ.P., order, making the judgment final but reserving the decree of a public sale until this appeal is resolved.
On appeal the defendants contend that the trial court committed reversible error by refusing to grant their motions for a directed verdict, judgment N.O.V., and new trial. Plaintiffs, on the other hand, contend that defendants made no motion for a judgment N.O.V. and, consequently, have waived their opportunity for an appellate review of the sufficiency of the evidence. See Great Atlantic And Pacific Tea Co., Inc. v.Sealy, Ala., 374 So.2d 877 (1979). The record itself clearly disposes of that issue, for it discloses that in their post-trial motions defendants requested:
 "In the alternative, pursuant to Rule 50 (b) of the Alabama Rules of Civil Procedure, to have the verdict of the jury, and the judgment entered thereon, set aside and to have judgment entered in favor of Defendants in accordance with Motion for Directed Verdict made at the close of all the evidence. . . .
". . .
 "6. For that there was not a scintilla of evidence of fraud presented to the Court and the jury in the trial of the case."
The controlling issue, then, is whether there was adduced below any evidence of fraud on the part of the defendants which would have allowed the case to be submitted to the jury.
Legal fraud through misrepresentation is defined in Code of 1975, § 6-5-101:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
A review of the evidence convinces us that a jury could have reasonably inferred a case of fraud through a representation made by mistake, though innocently, and acted upon by Louise Cox, the grandmother, through whom plaintiffs derive part of their title. Cf. Hornaday v. First National Bank of Birmingham,259 Ala. 26, 65 So.2d 678 (1952) (proceeding to set aside will on ground of fraud practiced on testator by one heir to detriment of another).
When the grandmother, Louise, decided that she wished to convey her property to her two living children, Inez and Donald, she went to a lawyer's office where she made her intentions known. The lawyer himself testified that he did not know that Louise had two deceased children who had left children surviving them, nor did Louise inform him either, so he prepared two deeds for the parties' signatures. The lawyer himself inserted the language in each deed which stated:
 "This is a part of the same real estate conveyed to Hulet Cox (now deceased) and Louise Cox by deed recorded in Volume 489, Page 239, Office of the Judge of Probate, Limestone County, Alabama, the said Hulet Cox having died intestate, August 8, 1965, leaving surviving him as his widow, Louise Cox, and his sole heirs at law and next of kin his son, the said Donald O. Cox, and his daughter, the said Elizabeth Inez [Cox] Wales." (Emphasis added.)
The deed to Inez was executed by Louise, Donald, and Donald's wife. The deed to *Page 529 
Donald was executed by Louise and Inez. Donald and Inez concede that a mistake was made in their representations, contained in the deeds, that they were the sole heirs and next of kin of Hulet Cox. Even so, each of them acknowledged before a notary public that, "being informed of the contents of the conveyance, they executed the same voluntarily." There is, on the other hand, some evidence that they did not know until after their mother's death that they were not the "sole heirs" of their father, Hulet, and they, and Louise, left the choice of language in the deeds to the lawyer who prepared them. These circumstances made an issue for the jury to decide. The facts of their voluntary signatures on the deeds containing the representations quoted above were at least a scintilla of evidence of material misrepresentations by them to Louise, though innocently made, inducing her to make the conveyance to each.
 "In civil cases, a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. . . ."
Kilcrease v. Harris, 288 Ala. 245 at 252, 259 So.2d 797 (1972); Rule 50 (e), Alabama Rules of Civil Procedure. In this state of the evidence, the trial court did not err in denying the motions for a directed verdict or for judgment N.O.V.
As to whether the trial court should have ordered a new trial, we note that granting or refusing a motion for a new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed absent the abuse of some legal right disclosing plain and palpable error. Hill v.Cherry, 379 So.2d 590 (Ala. 1980). Under these facts we cannot conclude that any such error exists.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.