BRADLEY, Judge.
The parties to this appeal were divorced in 1981. In March 1982 husband sought a modification of the 1981 decree. He asked for a reduction in child support payments and different visitation periods. In May 1982 the trial court refused to change the child support, but it did change the visitation periods.
In July 1983 husband again asked for a modification of child support payments. The wife answered and counterclaimed for arrearages in child support payments in the amount of $1,525. In January 1984 husband amended his petition, requesting that custody of the children be awarded to him. Service of the amendment was perfected by placing a copy in the United States mail addressed to wife’s counsel. A hearing date was set for January 10, 1984. The hearing was continued to February 14, 1984. Wife’s attorney withdrew his representation on February 6, 1984.
The hearing was held on February 14, 1984. The wife was not present, nor was she represented by counsel. A default judgment was rendered against the wife. The custody of the children was awarded to the husband.
On April 16, 1984 wife filed a motion to set aside the default judgment. Rule 60(b), Alabama Rules of Civil Procedure. A hearing was held and the motion was denied. Wife appeals.
The dispositive issue here is whether the trial court abused its discretion by denying the wife’s 60(b) motion. Modernage Homes v. Wooldridge, 55 Ala.App. 68, 313 So.2d 190 (Ala.Civ.App.1975).
Wife contends here that she did not receive a copy of the January 6, 1984 amendment to the petition for modification, nor did she receive notice of the January 10, 1984 and February 14, 1984 trial dates. She says that is why she did not appear and defend herself. The wife’s evidence supports her contention that she did not receive a copy of the amendment to the modification petition or notice of the hearing dates from the court or anyone else.
The record contains a letter from the clerk of the court to the wife at her address in Meridian, Mississippi, advising her of the January 10, 1984 trial date. The record also shows that the amendment to the peti *894 tion for modification filed in court on January 6, 1984 was served on Mr. Atkins, wife’s attorney, by mailing a copy to him at his address in Centreville, Alabama. The record contains a motion made by the husband asking the court to hear the matter on February 14, 1984 and not grant any more continuances. This motion was also served on Mr. Atkins. The record reflects that the clerk of the court mailed a letter to wife at her address in Meridian, Mississippi, advising her that the matter would be heard on February 14, 1984 and no more continuances would be granted.
In his motion to be permitted to withdraw as attorney for wife, Mr. Atkins stated that wife had not cooperated with him in his efforts to defend her and that she had failed to appear in court. The record reflects that Mr. Atkins wrote a letter to wife at her address in Meridian, Mississippi, on January 3, 1984 advising her of the trial on January 10, 1984. Mr. Atkins was allowed to withdraw as wife’s attorney on February 6, 1984. The record reflects that the clerk of the court wrote wife on February 8, 1984 advising her that the new trial date was February 14, 1984.
The evidence is without dispute that wife’s mailing address during the time in question was Route 7, Box 348D, Meridian, Mississippi 39301.
“In order for one to obtain 60(b) relief, he must allege and prove one of the grounds set out under the rules, together with a meritorious defense to the action.” Raine v. First Western Bank, 362 So.2d 846 (Ala.1978).
The record reflects that the trial court entered the default judgment because the wife failed to appear and defend the action filed against her after repeated notices to her and her attorney. The evidence shows that a copy of the amendment to the modification petition, along with one or more notices of hearings, was served on wife’s attorney, Mr. Atkins. The record also reflects that notices of hearings were mailed by the clerk of the court directly to the wife at her address in Meridian, Mississippi. Wife and her new husband testified that they did not receive these notices.
As is apparent, the evidence was in conflict. The trial court resolved the conflict by finding that wife had received notice of the hearings and had failed to satisfy the court that her failure to appear was excusable under rule 60(b), A.R.Civ.P.
After a careful examination of the record, we cannot say that the trial court abused its discretion in refusing to grant the rule 60(b) motion and set aside the default judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.