The issue in this case is whether the trial court abused its discretion in denying appellant's motion for continuance made at time of trial and in denying motion for new trial.
 FACTS
Appellant brought original action in District Court of Walker County upon common count. Judgment was entered in its favor for $250. Defendant-appellee appealed to circuit court for trial de novo. He filed *Page 1100 
there a counterclaim for damages for breach of contract in November 1982. On June 29, 1983, at a regular setting for trial, judgment by default in the amount of $5,900 was entered against counter-defendant (appellant). That judgment was subsequently set aside upon motion of appellant. Thereafter, an order was entered in the case recusing all the circuit judges of the Fourteenth Judicial Circuit from hearing any further matters in the case.
On October 12, 1983, the Chief Justice of Alabama appointed the Honorable William O. Winston, District Judge, Vernon, Alabama, to preside as a circuit judge in the case. On October 14, 1983, Judge Winston set the case for trial on November 3, 1983, with notice to counsel.
Counsel for defendant-appellee, on October 18, 1983, filed a motion for continuance, averring need to attend other business out of state on November 3, 1983. Copy of the motion was sent by mail to counsel for plaintiff-appellant. By written order filed October 20, 1983, Judge Winston denied the motion to continue. The record contains clerk's legend that a copy was sent to each counsel. The case was called for trial on November 3, as scheduled. In its judgment after trial, the trial court noted that counsel for plaintiff-appellant moved for continuance at trial; but based upon the state of the record and after argument of counsel, continuance was denied; whereupon, after trial, judgment was entered in favor of defendant (counter-claimant) in the sum of $5,900. Motion of plaintiff-appellant for new trial was filed. As grounds the motion averred, (1) absence of notice to plaintiff of the setting for trial, (2) impression of plaintiff's counsel that case had been continued upon defendant's motion, (3) lack of notice to counsel for plaintiff that the motion for continuance by defendant had been denied, (4) prejudice to plaintiff by proceeding to trial without its knowledge and by denying its counsel's motion for continuance before trial.
The motion for new trial was duly heard with the taking of testimony. The motion was denied.
The essence of the testimony presented at the hearing below on the motion to set aside the judgment and grant a new trial is that a special trial was set by a special judge in a special case which had previously brought recusal of all the circuit judges in Walker County; that counsel for each party had due notice of the date of trial; that defendant's out-of-county counsel filed written request for a continuance with a copy sent to counsel for plaintiff; that counsel for plaintiff had not notified his client of the setting of the case for trial; that continuance was denied by the judge by written order duly filed in the clerk's office; that a copy of the denial was mailed to defendant's out-of-county counsel and a copy placed in the box of local counsel, according to longstanding custom in the county; that plaintiff's counsel upon notice of the motion for continuance assumed, based upon local practice, that the continuance would be granted; with such assumption and apparent failure to check his box, he failed to notify his client to appear at trial or make any preparation for trial; that counsel was out of town when his case was called, although his son and partner did appear at trial, move for continuance, and upon denial, participate in the trial by cross-examining the defendant.
 MERITS
It is the contention of appellant that the judge abused his discretion in denying continuance on the day of trial and denying a new trial thereafter. Placing the position of appellant (actually that of his counsel) in its most simple form, it is that because of his reliance upon a custom of procedure at the bar in Walker County, he should be excused for failing to notify his client of a case setting and to keep track of the status of his case. In considering this position, the court is immediately faced by the prevailing rule that a litigant, usually through an attorney, has responsibility for keeping track of his case and knowing its status. Generally, the court owes no duty to notify a party of the setting of a case or to continue a case *Page 1101 
because of the absence of a party or other engagements of his attorney. Knight v. Davis, 356 So.2d 156 (Ala. 1978). This court takes judicial note that the different bars and judicial circuits, even different judges, establish methods and customs of handling court business such as publishing court dockets, granting continuances and giving notice to attorneys. However, such customs and methods are not court rules and are constantly subject to change and variation depending upon circumstances.
Assuming for argument that Walker County and its bar have developed certain local customs used in the ordinary course of court business, such customs are not binding in this case. This case was not one proceeding in the ordinary course. It was a special case, becoming special because of prior proceedings in which local counsel and the local judiciary saw cause for withdrawing from it. It was special because of being assigned to a judge from another circuit who was not aware of or concerned with local custom. It was set for trial, not on a regular docket, but specially and immediately by the assigned judge. That judge promptly denied a motion for continuance by written order. According to the testimony of the court clerk, that order was promptly given publication to each counsel according to local practice — by mail to out-of-town counsel and by positing in the box for local counsel.
On the date of trial, one party and out-of-town counsel appeared and were ready. The other party did not appear, having never been notified of the setting by local counsel. Local counsel was out of town and did not appear, having assumed the granting of the continuance requested by opposing counsel. Counsel now admits that because of such assumption and his failure to know the status of his client's case, the case proceeded to trial without notice to the client. He submits that it was an abuse of discretion for the court to proceed to judgment and to deny a new trial because of those circumstances.
The granting of continuances and motions for new trial are matters within the discretion of the trial court. Cox v. Cox,431 So.2d 527 (Ala. 1983); Scott Paper Co. v. Griffin,409 So.2d 1375 (Ala. 1982). This court recognizes that counsel is a distinguished and respected member of both his local and state bar, but now finds himself caught upon the horns of this dilemma. However, we must adhere to the principle that facts known to the attorney are considered known to his client.Knight, supra; Waters v. American Casualty Co., 261 Ala. 252,73 So.2d 524 (1953). We cannot declare that the trial judge abused his discretion in either event under the facts and circumstances of this case, even if this court might have proceeded otherwise. There was not a judgment by default in this case. There was a trial, with associate counsel for the absent party (appellant) participating through cross-examination, and the judgment entered was supported by legal evidence. We must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.