ALMON, Justice.
Joseph W. Lorenza brought an action against his sister-in-law Billie Carolyn Brothers and his children, Jean Ann Ogles-by, Paula Lorenza, Amy Cagle, and John Lorenza, seeking to have two documents, a durable general power of attorney and a deed, declared void ab initio. Lorenza also asked the trial court to order Brothers to make an accounting of all receipts and distributions of his assets that Brothers had received or made under the durable power of attorney or the deed. The trial court entered summary judgment for the defendants as to all counts except the request for an accounting. The trial court entered a Rule 54(b), A.R.Civ.P., order of finality, and Lorenza appeals.
In December 1984, Lorenza was hospitalized with Alzheimer’s disease. Lor-enza alleges that on December 14,1984, his daughter Jean Ann and her husband came to the hospital and told him that his wife was dying of cancer and that he was also going to die. Lorenza claims that Jean Ann told him that they needed some papers signed, but that she did not tell him what those papers were. Lorenza then signed the durable power of attorney naming Brothers as his attorney-in-fact and the deed transferring his one-half interest in his home to his wife. He asserts that he was under the impression that the papers concerned his discharge from the hospital and that he did not read them.
Lorenza’s wife died in January 1986. Lorenza claims that after her death he learned that the documents he had signed were a durable power of attorney and a deed. He also learned that his wife had changed her will, setting up a trust with Brothers as trustee. When Lorenza discovered that Brothers had control and possession of his property, he executed a document revoking the durable power of attorney and filed this suit, alleging that he had signed the documents due to the undue influence and coercion of Brothers, Jean Ann, Paula, Amy, and John.
This Court has held:
“The general rule is that when parties stand in a confidential relationship and the evidence tends to show that the beneficiary is the dominant party in that relationship, the law raises a presumption of undue influence and places on the beneficiary the burden to repel the presumption when the transaction is assailed. Terry v. Terry, 336 So.2d 159 (Ala.1976).”
Killough v. DeVaney, 374 So.2d 287 (Ala.1979). Thus, the questions presented are: (1) Was Lorenza in a confidential relation with the appellees? (2) Were the appellees the beneficiaries of the transaction? and (3) Were the appellees the dominant parties?
The first question is easily answered: The relation of parent and child is per se a confidential one. Chandler v. Chandler, 514 So.2d 1307 (Ala.1987). Thus, Lorenza *302 was in a confidential relation to Jean Ann when she allegedly induced him to sign the documents.
The second question is whether the ap-pellees were beneficiaries of the transaction. Appellees argue that Brothers, not Lorenza’s children, is the beneficiary of the durable power of attorney and deed. Lor-enza presented evidence that, in addition to being named his attorney-in-fact, Brothers was named trustee of a trust set up by Lorenza’s wife’s will. Lorenza alleges that the corpus of the trust consists, to a great extent, of property that would have been his had the deed not been executed. Jean Ann, Paula, Amy, and John are beneficiaries of this trust. This is strong evidence that although Jean Ann, Paula, Amy, and John were not benefited in the sense of receiving property directly under the documents, they were benefited as a result of the execution of the documents, and that this benefit was the intended result of the procurement of Lorenza’s signature.
The final question in the undue influence analysis is whether the appellees were the dominant parties in the relationship. Lor-enza presented evidence that he was suffering from Alzheimer’s disease and was under the influence of strong, mentally de-habilitating medication at the time he signed the documents. In addition, Loren-za presented the affidavit of his doctor, who stated that it was her opinion that Lorenza was very susceptible to undue influence and coercion in December 1984, due to his knowledge that his wife had terminal cancer and that he had Alzheimer’s disease.
Because Lorenza produced evidence that the appellees were in a confidential relation with him, were the beneficiaries of the transaction, and were the dominant parties, the presumption of undue influence arose, and the appellees did not rebut that presumption. Therefore, it was error for the trial court to determine that the appellees were entitled to summary judgment.
In his complaint, Lorenza made a demand for a jury trial. Appellees filed a motion to strike the jury demand. The trial court granted the motion. Lorenza argues that the trial court erred by failing to recognize that he had a right to a jury trial on the issues of undue influence and coercion. This is an action that is equitable in nature. The constitutional guarantee of trial by jury does not extend to causes of action that are equitable in nature. Sanders v. Kirkland & Co., 510 So.2d 138 (Ala.1987). The trial court did not err in determining that Lorenza was not entitled to a trial by jury.
The judgment of the trial court is affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.