In April 1996 the father filed a petition for contempt and a petition for modification, requesting a temporary suspension of the mother's visitation rights with the parties' minor children.
In May 1996 the mother, appearing pro se, filed an answer and a counterclaim. The mother gave her home address as 204 Sunny Acres Drive, Ozark, Alabama.
In June 1996 the trial court issued an order, which stated that the parties had reached an interim agreement for a temporary modification of the mother's visitation rights with the minor children. The parties also agreed that each of them would submit to a psychological evaluation. The trial court adopted the parties' agreement.
By a separate order issued on the same date, the trial court transferred the matter to the administrative docket, pending the psychological evaluations of the parties. The trial court set a docket call for October 23, 1996.
In October 1996 the trial court continued the case from the docket call of October 23, 1996, and set a docket call for May 21, 1997.
In November 1996 the guardian ad litem for the minor children filed a motion, requesting that the trial court clarify its June 1996 order as to holiday visitation between the mother and the minor children. In December 1996 the trial court issued an order regarding holiday visitation between the mother and the minor children.
In February 1997 the guardian ad litem for the minor children filed a motion to set the trial date in this matter. The motion states that the trial court placed the matter on the administrative docket, pending psychological evaluations of the mother and the father, and that the psychological evaluations had been received.
In an order dated February 10, 1997, the trial court scheduled the trial for the week of April 7-11, 1997.
On April 16, 1997, the trial court issued an order, stating that the matter came before the court on April 9, 1997. The order noted that the father, the father's attorney, and the guardian ad litem representing the minor children were present at the hearing. The trial court, noting that the mother failed to appear at the hearing, stated the following, in pertinent part: "From a review of the court file, it appears that notice of said hearing was given to the [mother] at the address provided by her in her last pleading filed in this cause by two separate mailings, both of which were returned to the clerk's office."
In this April 16 1997, order the trial court modified the mother's visitation rights with the minor children and entered a judgment against the mother for the father's attorney *Page 1227 
fees and one-half of the guardian ad litem's fee. We would note that there is a notation on the bottom of the April 16, 1997, order that on April 17, 1997, the mother "called the office and gave a current address to mail correspondence."
Thereafter, the mother obtained an attorney to represent her. On April 25, 1997, the mother, through her attorney, filed a motion to vacate the April 16, 1997, order on the grounds that she did not receive notice of the April 9, 1997, hearing. The mother also filed her affidavit, wherein she states the following, in pertinent part:
 "My mailing address is P.O. Box 620036, Fort Rucker, Alabama 36362. In August or early September 1996 I gave that address to the [father] and the Calhoun County Court Clerk. My former address was 204 Sunny Acres, Ozark, Alabama, but that was not my address after August 1996."
On May 30, 1997, after a hearing on the motion to vacate, the trial court issued an order, denying the motion to vacate. The trial court stated the following, in pertinent part: "The burden is on the party to keep the court apprised of its address for notification. The only notice in the file by the [mother] of a change of address is 4/17/[97], eight (8), days after the trial of this case."
The mother appeals, contending that her due process rights were violated when the April 9, 1997, hearing was held without proper notice of the hearing date being given to the mother.
We would note that in D. J. Mineral Mining, Inc. v.Wilson, 456 So.2d 1099, 1100-01 (Ala.Civ.App. 1984), this court stated the following:
 "[A] litigant, usually through an attorney, has [the] responsibility for keeping track of his case and knowing its status. Generally, the court owes no duty to notify a party of the setting of a case or to continue a case because of the absence of a party or other engagements of his attorney."
In the present case the trial court noted that notice of the hearing date was sent to the mother "at the address provided by her in her last pleading filed in this cause." We would note that in her affidavit filed in support of her motion to vacate the April 16, 1997, order, the mother states that in August or September 1996, she notified the Calhoun County Clerk of her change of address. Our review of the record reveals that the only notation made that the mother contacted the court with an address change occurred on April 17, 1997, eight days after the hearing. There is no evidence that the mother made any attempt to inquire as to the status of the case.
In light of the foregoing, we cannot find that the trial court's actions were improper. The trial court's judgment is due to be affirmed. We would comment that, in general, matters concerning visitation are subject to modification.Anonymous v. Anonymous, 620 So.2d 43 (Ala.Civ.App. 1993).
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.