MOORE, Judge.
 

 Timothy Burleson (“the former husband”) appeals from an August 18, 2008, order entered by the Marion Circuit Court, denying his motion to set aside a default judgment that was entered against him and in favor of Vicki A. Burleson (“the former wife”) in a divorce action on October 13, 2006. We affirm.
 

 On November 10, 2003, the former wife filed a complaint in the Marion Circuit Court (“the trial court”), seeking a divorce from the former husband. The former husband filed an answer through an attorney on December 8, 2003. The pleadings revealed a dispute between the parties regarding several issues, including the custodial arrangement for the parties’ three minor children, the basis for calculating the former husband’s wages for purposes of child support, postminority support for the children, the disposition of the marital residence, and the payment of the mortgage on the marital residence. After a hearing, the trial court entered a pendente lite order on December 23, 2003, awarding custody of the children to the former wife, with scheduled visitation being awarded to
 
 *236
 
 the former husband, and ordering the former husband to pay the former wife $500 per month in child support and $890 per month to cover one-half of the monthly mortgage expense. The order also allowed the former wife to remain in possession of the marital residence. The evidence indicates that the former husband paid approximately $4,900 in child support and that the former husband’s father paid $1,100 in child support to the former wife on behalf of the former husband. The former husband’s father, who was a cosigner on the parties’ mortgage, also paid 16 payments of $890 from November 2003 to February 2005.
 

 Following the entry of the December 23, 2003, pendente lite order, the former husband apparently failed to pay his attorney. On April 15, 2004, the trial court entered an order allowing the attorney to withdraw from the case.
 
 [1]
 
 Thereafter, the former husband did not retain an attorney to represent him in the divorce action, and he did not inform the clerk of the trial court of his address for service of notice of further proceedings.
 

 On October 7, 2004, the trial court set the divorce action for a final hearing. According to the former wife, that hearing did not take place because of the withdrawal of the former husband’s attorney. The trial court then set a hearing to take place on June 14, 2005. According to the former wife, the trial court canceled that hearing when the former husband did not appear.
 

 On June 23, 2006, the trial court again set the final hearing to take place on July 20, 2006. The trial-court clerk sent notices of the hearing to the former husband,
 
 [2]
 
 but those notices were returned bearing marks on the envelopes indicating “no mail receptacle” and “not deliverable as addressed— unable to forward.” On July 20, 2006, the trial court called the case for trial. The former husband did not appear. The former wife’s attorney stated on the record that he had sent notices of the hearing to the former husband’s parents. The former wife’s attorney also represented that he had attempted to personally serve the former husband through the sheriff of Wilcox County without success. Additionally, the former wife testified that she had left a message on the former husband’s answering machine indicating the date of the hearing. She also testified that she did not have an address for the former husband.
 

 The trial court proceeded to take testimony from the former wife on the issues presented in her divorce complaint. Based on that testimony, the trial court entered a judgment divorcing the parties on October 13, 2006. That judgment awarded the former wife sole custody of the parties’ children; found that the former husband was voluntarily unemployed and imputed to him income of $3,000 per month; awarded the former wife $863 per month in child support; found the former husband in contempt and awarded the former wife $10,000 in back child support; awarded postminority support for the children; ordered the former husband to pay all medical expenses incurred on behalf of the minor children not covered by the former wife’s medical insurance; ordered the former husband to pay $890 per month to cover one-half of the monthly mortgage expense on the marital residence; awarded
 
 *237
 
 the former wife $86,945 for reimbursement of moneys expended and borrowed to support her and the children; awarded the former wife all personal property in her possession; awarded the former wife $20,000, representing one-half of the amount the former husband had withdrawn from a 401 (k) account just before the divorce action was filed; and awarded the former wife $800 per month in alimony.
 

 Thereafter, on August 3, 2007, the trial court entered a judgment finding the former husband in contempt of court for failing to pay child support, and it issued a warrant for his arrest. On January 13, 2008, the former husband was arrested.
 

 The former husband filed a motion to set aside or to modify the divorce judgment on March 5, 2008. In that motion, the former husband asserted that the trial court should exercise its discretion under Rule 60(b)(6), Ala. R. Civ. P., to vacate the divorce judgment because, the former husband alleged, he had not received notice of the trial date and he was suffering from a chemical dependency. The former wife opposed that motion. The trial court set a hearing on the motion, which took place on June 19, 2008.
 

 At the hearing on the motion to set aside the divorce judgment, the former husband testified that he did not receive notice of the entry of the divorce judgment; that his January 13, 2008, arrest constituted the first notice to him of the divorce judgment; that, after his attorney withdrew from the divorce case, he had moved several times over the next few years; that, although he was aware that his divorce case remained pending, he did not take any steps to check on its progress; that he had kept in contact with the former wife but that they did not discuss court dates; that he did not receive any telephone messages from the former wife; that he had lost contact with his parents for a period; that, at the time the divorce judgment was entered, he was abusing alcohol; that, at some point in 2007, he had become addicted to methadone; and that he had enrolled in an alcohol-rehabilitation program in December 2007. The former husband also testified that, despite his alcohol abuse, he had worked between 2004 and 2007 without missing a day and that he had not paid the former wife any of the amounts ordered in the divorce judgment.
 

 The former wife testified as follows: that she had relied on her savings, her wages from her employment as a school teacher, and on support from her parents to sustain herself and the children; that, after the former husband’s father ceased paying one-half of the mortgage, she had soon run out of money, the mortgage had been foreclosed on, and, as a result, she had lost the marital residence; that she and the children had moved into a rental house; that she had filed for bankruptcy and, upon her discharge from bankruptcy, she had retained only an automobile and some furniture; and that, because she could not afford to assist the parties’ oldest child with her educational expenses, the child had been forced to drop out of college.
 

 The former husband’s father also testified at the hearing on the motion to set aside the divorce judgment. He denied receiving any notice from the former wife’s attorney regarding the final hearing in the divorce action and testified further that he had not known the former husband’s whereabouts at the time of the parties’ final divorce hearing.
 

 Following the June 19, 2008, hearing, the trial court accepted briefs from the parties. On August 18, 2008, the trial court denied the former husband’s
 
 *238
 
 motion to set aside the divorce judgment.
 
 [3]
 
 The former husband asked the trial court to reconsider that ruling on September 8, 2008.
 
 [4]
 
 The trial court denied the “motion to reconsider” on September 12, 2008, stating:
 

 “The Court remembers well that [the former husband] ... simply chose to quit participating in his case once a ruling he did not like on temporary issues was issued. This is evidenced by the fact that he almost immediately terminated the services of his attorney, refused to participate further in the divorce action and basically dropped out of sight for an extended period. While it is argued that [the former husband] was abusing alcohol at the time, there was no credible evidence offered to show that he was incapable of participating in this case. ...”
 

 The former husband timely appealed on September 26, 2008.
 

 “A trial court’s decision to deny a-motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., for relief from a final judgment is itself a final judgment that will support an appeal; however, the only matter reviewable in such an appeal is the propriety of the denial.”
 
 Williams v. Williams,
 
 910 So.2d 1284, 1286 (Ala.Civ.App.2005). Except for motions brought pursuant to Rule 60(b)(4), whether a movant has established grounds for relief under Rule 60(b) is a matter within the sound discretion of the trial court.
 
 Ex parte Wal-Mart Stores, Inc.,
 
 725 So.2d 279 (Ala.1998). On appeal, this court will reverse a judgment denying relief under Rule 60(b) only if the trial court has exceeded its discretion.
 
 See Price v. Clayton,
 
 18 So.3d 370 (Ala.Civ.App.2008).
 

 The parties agree that the trial court entered a default judgment against the former husband because of his failure to appear at the final hearing on July 20, 2006.
 
 See Sumlin v. Sumlin,
 
 931 So.2d 40, 46 n. 2 (Ala.Civ.App.2005) (noting that trial court can enter a default judgment under Rule 55(a), Ala. R. Civ. P., based on a failure of party to “otherwise defend” action and under Rule 55(b)(1), Ala. R. Civ. P., because of a party’s “failure to appear”). A party seeking to set aside a default judgment may move to have that default judgment set aside under Rule 55(c), Ala. R. Civ. P., if that motion is filed “not later than thirty (30) days after the entry of the judgment.” In this case, the former husband did not file his motion to set aside the default judgment within 30 days; therefore, Rule 55(c) does not apply.
 

 
 *239
 
 As the Committee Comments on 1973 Adoption of Rule 55 state: “Rule 60 becomes available when more than thirty days has passed since the entry of the judgment by default.” “A party seeking to set aside a default judgment pursuant to Rule 60(b) must prove one of the grounds for relief set out in the rule
 
 and
 
 must allege and prove a meritorious defense to the action.”
 
 Godard v. AT & T Credit Corp.,
 
 690 So.2d 383, 384 (Ala.Civ.App.1996) (citing
 
 American Home Assurance Co. v. Hardy,
 
 378 So.2d 710 (Ala.1979)).
 

 In this case, the former husband initially asserts that the default judgment should be set aside because he did not receive notice of the July 20, 2006, final hearing date. It is the prevailing rule in Alabama “that a litigant ... has responsibility for keeping track of his case and knowing its status.”
 
 D. & J. Mineral & Mining, Inc. v. Wilson,
 
 456 So.2d 1099, 1100 (Ala.Civ.App.1984). Therefore, a trial court “owes no duty to notify a party of the setting of a case or to continue a case because of the absence of a party
 
 ....” D. & J. Mineral,
 
 456 So.2d at 1100-01. Moreover, Rule 5(b), Ala. R. Civ. P., provides that, even when a copy of an order is required to be served on a pro se litigant whose address is not known, service may be effected by leaving a copy of an order with the clerk of the court, which was done in this case. Rule 5(b) places the burden on a pro se litigant of formally notifying the clerk of his or her proper service address; that burden cannot be shifted to the clerk or the opposing party.
 
 See State ex rel. Halder v. Fuerst,
 
 118 Ohio St.3d 142, 143-14, 886 N.E.2d 849, 850 (2008).
 

 Our caselaw recognizes that the failure of a party to advise the clerk of a proper service address may “fall into the category of excusable neglect .... ”
 
 DeQuesada v. DeQuesada,
 
 698 So.2d 1096, 1099 (Ala.Civ.App.1996). A motion to set aside a default judgment due to excusable neglect is a Rule 60(b)(1) motion, even if not denominated as such by the movant.
 
 See R.E. Grills, Inc. v. Davison,
 
 641 So.2d 225, 229 (Ala.1994) (holding that substance of motion not nomenclature determines which subpart of Rule 60(b) applies). A Rule 60(b)(1) motion must be filed within four months of the date of the entry of the judgment.
 
 See
 
 Rule 60(b), Ala. R. Civ. P. The former husband did not file his motion within the time limits of Rule 60(b)(1). Thus, even assuming that the former husband had a valid claim of excusable neglect, which does not appear to be the case,
 
 see, generally, Taylor v. Williams,
 
 455 So.2d 893 (Ala.Civ.App.1984) (trial court did not exceed its discretion in denying motion to set aside default judgment in divorce-modification action when movant failed to convince trial court that lack of notice of hearing was due to excusable neglect), the trial court could not possibly have exceeded its discretion in denying that motion.
 

 The former husband sought to circumvent the time strictures of Rule 60(b)(1) by classifying his motion as one under Rule 60(b)(6).
 

 “The ‘catch all’ provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for ‘any other reason justifying relief.’
 
 Barnett v. Ivey,
 
 559 So.2d 1082, 1084 (Ala.1990). ‘ “Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.”’
 
 Chambers County Comm’rs v. Walker,
 
 459 So.2d 861, 866 (Ala.1984) (quoting
 
 Douglass v. Capital City Church of the Nazarene,
 
 443 So.2d 917, 920 (Ala.1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under
 
 *240
 
 clauses (1) through (5). See, e.g.,
 
 Insurance Management & Admin., Inc. v. Palomar Ins. Corp.,
 
 590 So.2d 209 (Ala.1991);
 
 Barnett,
 
 559 So.2d at 1084;
 
 Smith v. Clark,
 
 468 So.2d 138, 140 (Ala.1985);
 
 Chambers County Comm’rs v. Walker,
 
 459 So.2d 861 (Ala.1984);
 
 Ex parte Hartford Ins. Co.,
 
 394 So.2d 933, 935-36 (Ala.1981);
 
 Rebel Oil Co. v. Pike,
 
 473 So.2d 529 (Ala.Civ.App.1985);
 
 Charles Townsend Ford, Inc. v. Edwards,
 
 374 So.2d 900, 902 (Ala.Civ.App.1979). Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6).
 
 Ex parte Hartford Ins. Co.,
 
 394 So.2d at 936; see also
 
 Rebel Oil Co.,
 
 473 So.2d at 532.
 

 240
 

 “Although grounds for relief under Rule 60(b)(1) generally cannot be valid grounds under Rule 60(b)(6), this Court has recognized an exception when, in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as within Rule 60(b)(6).
 
 Chambers County Comm’rs v. Walker,
 
 459 So.2d 861 (Ala.1984);
 
 Giles v. Giles,
 
 404 So.2d 649 (Ala.1981);
 
 Rebel Oil Co. v. Pike,
 
 473 So.2d 529 (Ala.Civ.App.1985).”
 

 R.E. Grills, Inc.,
 
 641 So.2d at 229.
 

 In
 
 Ex parte Oden,
 
 617 So.2d 1020 (Ala.1992), the supreme court recognized that if extraordinary circumstances, such as the mental illness of the. attorney, prevent counsel for a party from attending a hearing, then a court may vacate a judgment under Rule 60(b)(6). We assume, without deciding, that the same standard would apply to a pro se litigant such that if, due to some extraordinary circumstances, the party could not attend to his own legal affairs, those “aggravating circumstances” would allow the trial court to exercise its discretion under Rule 60(b)(6) to prevent the inherent injustice of allowing to stand a default judgment to which the party has a meritorious defense. However, in this case, the former husband asserted his alcoholism as the only “aggravating circumstance” that would excuse his failure to keep track of his case.
 
 [5]
 
 The former husband testified that his alcoholism did not prevent him from attending work every day between 2004 and 2007 or from communicating with the former wife. As the trial court found, the former husband presented no credible evidence indicating that his alcoholism so impaired him that he could not provide the clerk of the court with his address for service or contact the clerk to determine the status of his case. Thus, the former husband did not present sufficient evidence of any “aggravating circumstances” that would warrant relief under Rule 60(b)(6).
 

 In his brief, the former husband argues extensively that the default judgment should be set aside pursuant to the test established in
 
 Kirtland v. Fort Morgan Authority Sewer Service, Inc.,
 
 524 So.2d 600 (Ala.1988). In
 
 Kirtland,
 
 the supreme court held that, in determining whether to set aside a default judgment under Rule 55, the trial court should presume that the case should be decided on the merits whenever practicable and
 

 “that a trial court’s broad discretionary authority under Rule 55(c) should not be
 
 *241
 
 exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.”
 

 524 So.2d at 605. The
 
 Kirtland
 
 factors are likewise applied when a movant seeks to set aside a default judgment under Rule 60(b).
 
 Rooney v. Southern Dependacare, Inc.,
 
 672 So.2d 1, 3 (Ala.1995). However, the initial determination in all Rule 60(b) cases is whether the motion has been timely filed.
 
 See State ex rel. Fuller v. Fuller,
 
 623 So.2d 332, 334-35 (Ala.Civ.App.1993). We conclude that the former husband did not timely file his Rule 60(b) motion, because the only grounds asserted in his motion fell within Rule 60(b)(1). Hence, we pretermit any discussion of whether the trial court exceeded its discretion in concluding that the default judgment should not be set aside under Kirtland,
 
 [6]
 

 The judgment of the trial court is due to be affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The record contains a nearly identical order dated December 21, 2004, granting the attorney's motion to withdraw. That order corrected an error in the original order, which referred to the attorney as the attorney for the ''plaintiff” instead of the "defendant.”
 

 [2]
 

 . The record does not disclose the source for the address the clerk used to send the notices.
 

 [3]
 

 . Although the trial court did not resolve the former husband’s motion to modify tire divorce judgment, we conclude that the judgment is a final judgment that will support an appeal. The filing of a motion to modify a divorce judgment is a separate action requiring the payment of a filing fee.
 
 Ex parte Davidson,
 
 782 So.2d 237, 240 (Ala.2000). The record discloses that the former husband did not pay a filing fee; hence, the motion to modify filed by the former husband did not properly invoke the jurisdiction of the trial court.
 
 See Farmer v. Farmer,
 
 842 So.2d 679 (Ala.Civ.App.2002). By adjudicating the Rule 60(b) motion, the trial court conclusively decided all the issues properly before it.
 
 See Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990) (holding that a final judgment is one that "conclusively determines the issues before the court and ascertains and declares the rights of the parties involved”).
 

 [4]
 

 . Our rules of civil procedure do not provide for successive Rule 60(b) motions styled as "motions to reconsider.”
 
 Ex parte Keith, 111
 
 So.2d 1018 (Ala.1998). However, the former husband filed his notice of appeal within 42 days of the entry of the August 18, 2008, judgment; thus, any error committed by the trial court in ruling on the motion to reconsider did not affect the timeliness of the former husband’s appeal. We have jurisdiction under Rule 4, Ala. R.App. P., to consider this appeal.
 

 [5]
 

 . The former husband tangentially argues that he was also addicted to drugs, but he testified that he did not become addicted to drugs until 2007, after the default judgment had been entered; therefore, that addiction could not possibly have affected his ability to monitor and attend to his case.
 

 [6]
 

 . We recognize that we are deciding this case on a different ground from the trial court, but we are authorized to affirm a judgment on any valid legal ground, even one not considered by the trial court.
 
 See General Motors Corp. v. Stokes Chevrolet, Inc.,
 
 885 So.2d 119, 124 (Ala.2003).