MOORE, Judge.
 

 James M. Eaton, Jr., appeals from a judgment on partial findings entered in favor of Bobby Joe Waldrop by the Jefferson Circuit Court, Bessemer Division. We reverse the judgment and remand the case for further proceedings.
 

 Procedural History
 

 On December 16, 2005, James M. Eaton, Jr., and Marguerite Eaton, by her next friend, James M. Eaton, Jr., filed a complaint against Waldrop alleging, among other things, that Waldrop had fraudulently induced James to deed certain property situated in Jefferson County (“the property”) to Waldrop and Marguerite, jointly with a right of survivorship, and that Wal-drop had subsequently fraudulently induced Marguerite to transfer her interest in the property to Waldrop. James and Marguerite requested that the court set aside the deed executed by James transferring the property to Marguerite and Waldrop and requested “other, further or different relief as may be just and proper”; they also demanded a trial by jury. Wal-drop answered the complaint on January 26, 2006. Marguerite subsequently died, and James, as the executor of her estate, was substituted as a plaintiff.
 

 On September 17, 2007, Waldrop moved to strike the jury demand. On December 5, 2007, the trial court noted on the case-action-summary sheet that the case was “nonjury only.” The trial court conducted a bench trial on June 11, 2009. At the conclusion of James’s case-in-chief, Wal-drop moved for a judgment as a matter of
 
 *372
 
 law,
 
 [1]
 
 arguing that James had failed to prove that Waldrop had made a representation “with intent to deceive.” The trial court granted that motion, and it entered a judgment on partial findings against James and the estate on August 13, 2009. James filed his notice of appeal on August 25, 2009. The estate has not appealed.
 

 Discussion
 

 On appeal, James first argues that the trial court erred in granting Waldrop’s motion for a judgment on partial findings
 
 (see
 
 note 1, supra) because, he says, the law does not require him to prove an intent to deceive in order to obtain a rescission of a deed based on fraud. Alternatively, James contends that he proved that Waldrop intended to deceive him into executing the deed. We find the former argument dispositive.
 

 James cites Ala.Code 1975, § 6-5-101, and
 
 Davis v. Sterne, Agee & Leach, Inc.,
 
 965 So.2d 1076 (Ala.2007), in support of his argument that intent to deceive is not a necessary element of fraud. Section 6-5-101 provides: “Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party,
 
 or if made by mistake and innocently and acted on by the opposite party,
 
 constitute legal fraud.” (Emphasis added.) In
 
 Davis,
 
 the Alabama Supreme Court, citing § 6-5-101, stated that “a false representation, even if made innocently or by mistake, operates as a legal fraud if it is a material fact that is acted upon with belief in its truth.” 965 So.2d at 1091. We also note that our supreme court has applied § 6-5-101 in an action to set aside a deed.
 
 See Cox v. Cox,
 
 431 So.2d 527 (Ala.1983). In
 
 Cox,
 
 the supreme court, applying § 6-5-101, held that the trial court had not erred in denying motions for a directed verdict and for a judgment notwithstanding the verdict because “a jury could have reasonably inferred a case of fraud through a representation made by mistake, though innocently.” 431 So.2d at 528. Accordingly, we conclude that Alabama law does not require a plaintiff seeking rescission of a deed based on an allegation of fraud to prove intent to deceive.
 

 In this case, James presented evidence indicating that Marguerite, his mother, had deeded him certain real property. Marguerite and Waldrop then moved into a mobile home on that property with the permission of James. Waldrop soon began requesting that James deed to Waldrop and Marguerite the parcel of property on which the mobile home rested. James consented to Waldrop’s request only after Waldrop had represented that he and Marguerite had married, which was not true. James testified that he never would have executed the deed transferring the property jointly to Marguerite and Waldrop, with rights of survivorship, if he had known the truth. In the present context, that evidence presented a prima facie case of misrepresentation without further proof of Waldrop’s intent to deceive. Thus, the trial court erred in granting Waldrop’s motion for a judgment on partial findings.
 

 James’s evidence showed that, some time after James had executed the deed to Marguerite and Waldrop, Waldrop convinced Marguerite to deed the property solely to him. James argues that, for certain technical reasons, that deed did not effectively pass legal title in the property to Waldrop. We need not address that issue. On remand, should the trial court
 
 *373
 
 determine that the deed to Marguerite and Waldrop should be rescinded, Marguerite would not have had any interest in the property to convey, so the issue of the validity of her transfer to Waldrop would be moot. On the other hand, if the trial court finds that the deed to Marguerite and Waldrop should not be rescinded, James would have no interest in the property that would allow him to object to the subsequent transfer of Marguerite’s interest in the property to Waldrop. In either case, neither this court, nor the trial court, need resolve the issue of Marguerite’s compliance with the technical requirements for deeding real property in order to properly adjudicate James’s claim for rescission.
 
 See Auburn Med. Ctr., Inc. v. East Alabama Health Care Auth.,
 
 908 So.2d 243, 245-46 (Ala.Civ.App.2003) (holding that a court will not decide a legal issue that is irrelevant to the outcome of case).
 

 James finally argues that the trial court erred in denying his request for a trial by jury. After examining the pleadings to determine the true nature of the relief sought,
 
 see Richey v. Creel,
 
 437 So.2d 554, 555 (Ala.Civ.App.1983), we conclude that James was not entitled to a jury trial. In his complaint, James sought to have the deed to Marguerite and Waldrop rescinded. Our supreme court has held that there is no right to a trial by jury in an action seeking to set aside a deed.
 
 Lorenza v. Brothers,
 
 534 So.2d 300, 302 (Ala.1988) (“This is an action that is equitable in nature. The constitutional guarantee of trial by jury does not extend to causes of action that are equitable in nature.”). James has not cited to this court a single case supporting his position that he should receive a jury trial on his rescission claim. Thus, we conclude that the trial court did not err in denying James’s demand for a trial by jury.
 

 Based on the forgoing, we reverse the trial court’s judgment entered on partial findings and remand this cause for a new trial consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . This motion is properly referred to as a motion for a judgment on partial findings, pursuant to Rule 52(c), Ala. R. Civ. P.
 
 See Loggins v. Robinson,
 
 738 So.2d 1268, 1270-71 (Ala.Civ.App.1999).