THOMAS, Judge,
concurring in the result.
I agree that the juvenile court erred by not setting aside the May 30, 2013, judgment terminating the parental rights of C.M.L. (“the mother”). Although “[i]t is the prevailing rule in Alabama ‘that a litigant ... has responsibility for keeping track of his case and knowing its status,’ ” Burleson v. Burleson, 19 So.3d 233, 239 (Ala.Civ.App.2009)(quoting D. & J. Mineral & Mining, Inc. v. Wilson, 456 So.2d 1099, 1100 (Ala.Civ.App.1984)), it is also true that “[o]ur caselaw recognizes that the failure of a party to advise the clerk of a proper service address may ‘fall into the category of excusable neglect....’” Id. (quoting DeQuesada v. DeQuesada, 698 So.2d 1096, 1099 (Ala.Civ.App.1996)); see also B.E.H. v. State ex rel. M.E.C., 71 So.3d 689, 694-95 (Ala.Civ.App.2011). Moreover, as I expressed in my special concurrence in Winford v. Winford, 139 So.3d 179, 184 (Ala.Civ.App.2013) (Thomas, J., concurring specially),
“this court has stated, ‘[t]he strong bias in favor of deciding cases upon the merits identified by the Kirtland [v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988),] court is particularly strong in domestic-relations cases.’ Fuller v. Fuller, 991 So.2d 285, *783 289 (Ala.Civ.App.2008); see also Sumlin v. Sumlin, 931 So.2d 40, 44 (Ala.Civ.App.2005) (‘[W]e can envision no species of case in which the “strong bias” in favor of reaching the merits ... could be any stronger than in a case such as this involving custody of a minor child.’); and Evans v. Evans, 441 So.2d 948, 950 (Ala.Civ.App.1983) (stating that, ‘especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody ... will be summarily resolved’).”
If we are more inclined to set aside default judgments in domestic-relations cases be-cause of the importance of child-custody issues, how much more so should we be similarly inclined in termination-of-parental-rights cases, which may result in “the last and most extreme disposition [of a. parent’s right to custody] permitted by law.” Bowman v. State Dep’t of Human Res., 534 So.2d 304, 306 (Ala.Civ.App.1988).
Furthermore, I also note that the record does not reflect that the mother was ever apprised of her right to counsel pursuant to § 12-16-305(b), Ala.Code 1975, which provides:
“(b) In dependency and termination of parental rights cases, the respondent parent, legal guardian, or legal custodian shall be informed of his or her right to be represented by counsel and, if the juvenile court determines that he or she is indigent, counsel shall be appointed where the respondent parent, legal guardian, or legal custodian is unable for financial reasons to retain his or her own counsel.”
The mother’s lack of counsel further bolsters my conclusion that the juvenile court erred by denying the mother’s post-judgment motion to set aside the judgment terminating her parental rights.