This is an appeal from a judgment refusing to set aside a default judgment against Ray DaLee, d/b/a Dura-Built Homes (hereinafter referred to as "DaLee"). We affirm.
Crosby Lumber Company, Inc. ("Crosby"), filed a one-count complaint in the Circuit Court of Baldwin County against "RAY DALEE, doing business as DURA BUILT HOMES," seeking damages from DaLee, individually, to compensate for lumber and other wood products purchased by Dura-Built Homes and not paid for. The summons and complaint, delivered by certified mail, read as follows: *Page 1088 
"COMPLAINT
 "Comes now the Plaintiff [Crosby Lumber Company, Inc.] in the above-styled cause and claims damages against the Defendant [Ray DaLee, doing business as Dura Built Homes] and as grounds therefor, would show unto the Court as follows:
 "1. . . . [T]he Defendant did purchase certain lumber and other wood products from the Plaintiff by ordering the same from the mill of the Plaintiff.
 "2. That the Plaintiff shipped said materials to the Defendant in good condition and invoiced said Defendant for the agreed price for said materials in the amount of Nineteen Thousand Seven Hundred Seventeen Dollars and Thirty Cents ($19,717.30).
 "3. That the Defendant has failed and refuses to pay the Plaintiff for said materials and owes the Plaintiff Nineteen Thousand Seven Hundred Seventeen Dollars and Thirty Cents ($19,717.30) for said goods sold and delivered to the Defendant by the Plaintiff. . . .
 "WHEREFORE, Plaintiff demands judgment against the Defendant for Nineteen Thousand Seven Hundred Seventeen Dollars and Thirty Cents ($19,717.30), interest and costs."
"SUMMONS
"This service by certified mail. . . .
"NOTICE TO: Mr. Ray DaLee
"Dura Built Homes
"P.O. Box 11061
"Montgomery, Alabama 36111-24
 "The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, . . . [to] the lawyer for the Plaintiff. . . . THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT."
DaLee failed to file an answer or to otherwise defend the allegations of the complaint. The trial court, upon application by Crosby, entered a default judgment "in favor of [Crosby] and against Ray DaLee in the sum of $20,932.75 plus costs of court." Three months after entry of judgment, DaLee filed a Rule 60(b), A.R.Civ.P., motion and a motion to transfer, supported by his affidavit:
"MOTION FOR RELIEF FROM DEFAULT JUDGMENT
"AND MOTION FOR TRANSFER OF VENUE
 "Now comes the defendant Ray DaLee, d/b/a Dura-Built Homes, Inc., and pursuant to Rule 60(b)(1), (4) and (6), . . . moves this Court for relief from the default judgment entered against this defendant. . . . As grounds in support of this motion, defendant has submitted the affidavit of Ray DaLee. . . .
 "Plaintiff Crosby Lumber Company has filed suit against Ray DaLee, d/b/a Dura-Built Homes. In actuality, the contract at issue in this case was entered into between Crosby Lumber Company and Dura-Built Homes, Inc. . . . Plaintiff's own invoices . . . reveal that Crosby Lumber Company transacted business with Dura-Built Homes and not defendant Ray DaLee, d/b/a Dura-Built Homes. Thus, plaintiff has obtained a judgment on a contract against an individual which was not privy to the contract.
 "When Ray DaLee was served with a copy of the Complaint at issue in this case, he did not take any legal action since he was aware that Dura-Built Homes, Inc. owed money to Crosby Lumber Company for lumber which was delivered to Dura-Built Homes, Inc. Ray DaLee, who has no legal training or any legal background, did not understand that this lawsuit against Ray DaLee, *Page 1089 
d/b/a Dura-Built Homes, was a lawsuit against him individually as opposed to the corporation. Ray DaLee therefore neglected to promptly answer the Complaint, since he did not dispute that his corporation owed the lumber company the amount claimed . . . in the Complaint. Ray DaLee's error was inadvertent. Plaintiff should not be allowed a default judgment against a person which it never contracted with. There is certainly no evidence that Ray DaLee is the alter ego of Dura-Built Homes, Inc. to warrant a judgment against Ray DaLee, d/b/a Dura-Built Homes, Inc."
"AFFIDAVIT
 "Crosby Lumber Company has sued Ray DaLee, d/b/a Dura-Built Homes for lumber which was purchased by and delivered to Dura-Built Homes, Inc. I have attached a copy of invoices received from Crosby Lumber Company.
 "I did not take legal action to answer the Complaint in the above-styled lawsuit because I did not dispute that Dura-Built Homes, Inc. in fact owed Crosby Lumber Company the amount claimed in the Complaint. However, I did not realize that because the Complaint was brought against Ray DaLee, d/b/a Dura-Built Homes, I am personally liable for the corporation's debt. I neglected to take any legal action against this Complaint because I did not dispute the amount owed by the corporation, and I did not realize that I, as opposed to the corporation, was responsible for the debt according to the Complaint. When I was so advised by legal counsel late last week, I instructed him to take immediate steps to correct this inadvertent oversight on my part."
The trial court denied DaLee's Rule 60(b) motion and determined DaLee's motion to transfer to be moot.[1]
The issue before us is whether the trial court abused its discretion in denying DaLee's motion for relief from judgment under Rule 60(b)(1).[2]
It is well established that the decision to grant or to deny relief pursuant to a Rule 60(b) motion is discretionary with the trial court. Smith v. Clark, 468 So.2d 138 (Ala. 1985);Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979). In reviewing the trial court's ruling on such a motion, we cannot disturb the trial court's decision unless the trial court abused that discretion in denying the motion. See Baker v.Ball, 473 So.2d 1031 (Ala. 1985); Textron, supra.
In Kirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988), the Court outlined the general policy considerations to be weighed when determining whether a default judgment should be set aside:
 "[W]hen exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. . . . The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, *Page 1090 
outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court's use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. . . . We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. . . . We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court."
Id. at 604-05 (citations omitted, emphasis added). The Court inKirtland established a three-factor analysis for the trial court to apply when considering whether to set aside a default judgment:
 "[W]e hold that a trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct. . . ."
Id. at 605 (citations omitted); see also Jones v. Hydro-Wave ofAlabama, Inc., 524 So.2d 610 (Ala. 1988); Ex parte IllinoisCentral Gulf R.R., 514 So.2d 1283 (Ala. 1987).[3]
To meet the meritorious-defense element, DaLee need not satisfy the trial court that he would necessarily prevail at trial on the merits, only that he is prepared to present a plausible defense. See Appalachian Stove, supra; see, also, Exparte Illinois Central Gulf R.R., supra. When construing the term "meritorious defense," the Court in Kirtland, quoting fromMoldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969), stated:
 " 'It is universally recognized as an essential to the obtaining of relief from a default judgment entered with jurisdiction that there should appear in the motion a clear and specific statement showing, not by conclusion, but by definite recitation of facts, that an injustice has been probably done by the judgment, in that the debt or demand was not owing; that there was a valid defense to it, and that on another trial there will in reasonable probability be a different result. All of the authorities require at least this much.' "
524 So.2d at 606 (emphasis added); see also Appalachian Stove, supra.
To show the existence of a meritorious defense, DaLee had to allege sufficient facts or produce enough evidence to counter Crosby's claims. DaLee contends that he attached invoices to his affidavit that indicated that the lumber was billed to Dura-Built Homes without reference as to whether Dura-Built Homes was the corporation or DaLee individually. In his motion and in his affidavit, DaLee acknowledged that the corporation owed money to Crosby. However, he contends that he did not realize that, because the complaint was brought against "Ray DaLee, d/b/a Dura-Built Homes," he was personally liable for the corporate debt. Furthermore, he contends that there was no evidence that he is the alter ego of the corporation.
Whether the name on the invoice, "Dura Built Homes," referred to the corporation, for whose debts DaLee was not personally liable, or to DaLee individually created a fact question. DaLee does not have to present an absolute defense; he need only present a plausible defense. This he did. Therefore, we hold that DaLee provided the trial court with a sufficient factual basis on which to conclude that the result *Page 1091 
could conceivably be different if it were adjudicated on the merits, see Jones v. Hydro Wave, supra, and that those facts constituted a meritorious defense in accordance with the standard in Kirtland, supra.
However, in order to obtain relief under Rule 60(b), the defaulting party must not only show the existence of a meritorious defense, but also must demonstrate the ground under Rule 60(b) justifying relief from the final judgment. SeeKirtland, supra; see, also Jones v. Hydro Wave, supra.
DaLee's Rule 60(b) motion was in fact based on those grounds enumerated in Rule 60(b)(1) — mistake, inadvertence, surprise, or excusable neglect. In his motion, DaLee stated that he "did not understand that this lawsuit against Ray DaLee, d/b/a Dura-Built Homes, was a lawsuit against him individually as opposed to the corporation"; that he therefore "neglected to promptly answer the Complaint, since he did not dispute that his corporation owed the lumber company the amount claimed . . . in the Complaint"; and that his "error was inadvertent."
 " 'A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 323, 333.' Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564."
Quoted as authority in Fancher v. Fancher, 262 Ala. 489,80 So.2d 248 (1955).
Furthermore, the summons that was served on DaLee read "NOTICE TO: Mr. Ray DaLee" and it informed him that "[t]he Complaint which is attached to this Summons is important andyou must take immediate action to protect your rights." (Emphasis added.)
In McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297,301, 27 So.2d 499, 503 (1946), the Court set out the duty of a party when legal process is duly served upon him:
 "It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied. Little v. Peevy, [238 Ala. 106, 189 So. 720 (Ala. 1939)].
 "Courts cannot act as guardian for parties who are grossly careless of their own affairs. All must be governed by the laws in force, universally applied, according to the showing made.
 "If judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated."
The explanation given by DaLee for his failure to appear in defense of the suit filed against him by Crosby is not adequate. DaLee has not shown that he was prevented from appearing and defending the suit by "mistake, inadvertence, surprise, or excusable neglect" that ordinary prudence could not have guarded against.
Therefore, although DaLee presented a meritorious defense, he failed to make a showing under Rule 60(b)(1) sufficient to authorize this Court to hold that the trial court abused its discretion in refusing to set aside the default judgment.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] The trial court's determination that DaLee's motion to transfer was moot is not at issue here.
[2] DaLee's Rule 60(b) motion for relief from judgment was filed under the provisions of Rule 60(b)(1), (4), and (6). In his reply brief concerning his arguments that the default judgment was void under Rule 60(b)(4), DaLee concedes that "[u]nder the authority of Pridgen v. Head, 210 So.2d 426, 430 (Ala. 1968), . . . the jurisdictional defects incident to service of process have been cured or waived." Furthermore, relief cannot be obtained under Rule 60(b)(6) if it would have been available under Rule 60(b)(1), (2), (3), (4), or (5). See AppalachianStove Fabricators, Inc. v. Roberts, 544 So.2d 893 (Ala. 1989); see, also, Cassioppi v. Darnico, 536 So.2d 938 (Ala. 1988). Rule 60(b)(6) is designed to operate exclusively of the specific grounds listed in Rule 60(b)(1)-(5). See AppalachianStove, supra; Cassioppi v. Damico, supra. From a review of the record, we conclude that DaLee's Rule 60(b) motion was in fact based on those grounds enumerated in Rule 60(b)(1). Therefore, we cannot allow it to be improperly termed a Rule 60(b)(6) motion. Thus, for purposes of this appeal, we are limited to a review of DaLee's motion for relief from judgment under rule 60(b)(1).
[3] The precedent established by Kirtland, Jones v. Hydro-Wave, and Ex parte Illinois Central Gulf R.R., applicable to motions to set aside default judgments pursuant to Rule 55(c), Ala.R.Civ.P., was cited as authority by the Court in Lee v.Martin, 533 So.2d 185 (Ala. 1988), when we reversed the trial court's denial of a Rule 60(b)(6) motion to set aside a default judgment. A trial court's discretionary authority under Rule 60(b) is much broader than it is under Rule 55(c). Cassioppi v.Damico, supra; see also Kirtland, supra. *Page 1092