I agree with the majority that the default judgment against Imaging Management Associates, Inc., Vernon, Medicor, Inc., and Rooney is due to be reversed and the cause remanded regarding the issue of damages; I can find no clear basis for the amount awarded by the trial court ($4,240,500 in compensatory damages and $1,000,000 in punitive damages). However, I must respectfully dissent as to the majority's conclusion that the trial court abused its discretion in refusing to set aside the default judgment it had entered against this defendant, insofar as the question of liability is concerned. This is the same result that I thought this Court should have reached in Exparte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987), a case arising out of the same circuit court from which this case arises.
I realize that this Court, in Kirtland v. Fort Morgan Auth.Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988), a case heavily relied upon by the majority here, has facilitated the setting aside of default judgments. I dissented in Kirtland, saying, in part:
 "I am a strong believer in the right of litigants to have their day in court, but I also strongly believe in the right and duty of trial judges to control their dockets and to punish parties who are guilty of culpable conduct. I believe there is enough evidence in this record to sustain the trial judge's decision to award the default judgment and his decision not to set it aside. I would affirm his judgment."
524 So.2d at 610. It appears to me that it is within the domain of the trial court to balance the equities of each case, and that the trial court is in the best position to evaluate the good faith and credibility of all parties when it comes to determining whether or not a default judgment should be set aside. See Dobson's Petting Zoo v. Goens, 611 So.2d 257
(Ala. 1992), citing Kirtland. The issue in this case is whether the trial court abused its discretion in denying the defendants' motion for relief from judgment under Rule 60(b)(1). It is well established that the decision to grant or to deny relief pursuant to a Rule 60(b) motion is discretionary with the trial court. DaLee v. Crosby Lumber Co., Inc.,561 So.2d 1086 (Ala. 1990), citing Smith v. Clark, 468 So.2d 138
(Ala. 1985); Textron, Inc. v. Whitfield, 380 So.2d 259
(Ala. 1979). In DaLee, this Court said that "[i]n reviewing the trial court's ruling on such a motion, we cannot disturb the trial court's decision unless the trial court abused that discretion in denying the motion," 561 So.2d at 1089, citingBaker v. Ball, 473 So.2d 1031 (Ala. 1985), and Textron.
It appears to me that the judgment of the trial court should be affirmed as to the liability portion of this case, under the policy established in Kirtland, wherein this Court held that "a trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." 524 So.2d at 605 (citations omitted).
The trial judge in this case, after a hearing, found that the defaulting parties had not convinced him under the facts that the judgment should be set aside. Because I believe the record contains sufficient evidence to *Page 8 
show that the defaulting parties had notice of the lawsuit, I cannot agree with the majority that the trial court abused its discretion by refusing to set aside the default judgment in regard to liability; however, I must agree with the majority that the trial court's refusal to set aside that portion of the default judgment regarding the amount of damages is an abuse of discretion and should be reversed.