MOORE, Judge.
Barbara T. Marks (“the former wife”) appeals from a judgment dismissing her petition seeking a modification of a June 18, 2004, divorce judgment and a finding of contempt against Edward D. Marks (“the former husband”). We reverse the judgment and remand for further proceedings.

Procedural Background

The former wife filed her petition on July 24, 2012, through her attorney Jonathan L. Brogdon. Before the case was set for trial, Brogdon filed a motion to withdraw from the case on January 31, 2014, which motion was granted on February 27, 2014. The next day, the clerk of the trial court sought from Brogdon, via electronic mail, a valid address for the former wife. Apparently, Brogdon did not supply the clerk with the requested information. On April 3, 2014, the trial court issued an order scheduling the case for trial on June 11, 2014. The former wife did not receive that notice, so she did not appear for trial; on June 11,2014, the trial court, noting the absence of the former wife; took testimony and entered a judgment denying the petition filed by the former wife, dismissing the case with prejudice, and ordering the former wife to pay costs of court and $5,000 in attorney’s fees.
On August 6, 2014, the former wife filed, through a new attorney, a motion to set aside the June 14, 2014, judgment. The former wife verified that she had not received notice of the trial date. The former wife pointed out that Brogdon had not served her with his motion to withdraw and that the clerk had attempted to obtain her address from Brogdon after Brogdon had withdrawn from the case. The former wife attested that she had learned of the entry of the judgment only upon consultation with her new attorney on August 6, 2014. In a reply to the former husband’s response to her motion, the former wife argued that due process required that the judgment be set aside. ''On September 24, 2014, the trial court denied the motion to set aside, stating that it had been filed more than 30 days after the entry of the final judgment.

Analysis

The trial court entered a default judgment against the former wife as a result of her failure to appear for trial. See Triple D Trucking, Inc. v. Tri Sands, Inc., 840 So.2d 869 (Ala.2002) (recognizing that a default judgment may be entered against a party who fails to appear at trial). The former wife basically asserted two grounds for setting aside the default judgment: (1) that the failure of the trial-court clerk to notify the former wife of the trial date deprived her of due process and (2) that her failure, or the failure of her attorney, to inform the trial-court clerk of her address should be considered excusable neglect.
The first ground arises under Rule 60(b)(4), Ala. R. Civ. P., which authorizes a trial court to set aside a final judgment entered in a manner inconsistent with due process. See Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala.2003). A Rule 60(b)(4) motion may filed at any time after the entry of a judgment. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638 (Ala.2003). As discussed in more detail later in this opinion, the trial court erred in rejecting the former wife’s motion based on untimeliness. However, unless a court clerk voluntarily assumes the obligation to notify a litigant of a *364 scheduled trial date, the clerk’s failure to so notify a litigant does not violate the due-process rights of the litigant, who is under a duty to inform the clerk of his or her service address and to keep apprised of . the status of his or her own case. See Ex parte Weeks, 611 So.2d 259, 262 (Ala.1992); see also Burleson v. Burleson, 19 So.3d 233, 239 (Ala.Civ.App.2009). Given the absence of any evidence indicating that the clerk of the trial court assumed the duty to notify the former wife of her scheduled trial date, the former wife failed to present sufficient factual grounds to support her Rule 60(b)(4) motion. We therefore hold that the former wife’s due-process rights were not violated and that the judgment is not void.
We do find merit in the former wife’s second argument.
“Our caselaw recognizes that the failure of a party to advise the clerk of a proper service address may ‘fall into the category of excusable neglect_’ DeQuesada v. DeQuesada, 698 So.2d 1096, 1099 (Ala.Civ.App.1996). A motion to set aside a default judgment due to excusable neglect is a Rule 60(b)(1)[, Ala. R. Civ. P.,] motion, even if not denominated as such by the movant. See R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala.1994) (holding that substance of motion not nomenclature determines which subpart of Rule 60(b) applies). A Rule 60(b)(1) motion must be filed within four months of the date of the entry of the judgment. See Rule 60(b), Ala. R. Civ. P.”
Burleson, 19 So.3d at 239. The former wife filed her motion less than two months after the entry of the judgment, so it was timely under Rule 60(b)(1), and the trial court erred in denying the motion as being untimely filed. See Djibrine v. Djibrine, 160 So.3d 26 (Ala.Civ.App.2014).
A party seeking to set aside a default judgment under Rule 60(b)(1) not only must prove excusable neglect, but also must satisfy the trial court that the other factors enunciated in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), weigh in favor of setting aside the judgment. See generally DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala.1990). When a trial court does not demonstrate that it considered the Kirtland factors when denying a motion to set aside a default judgment, this court ordinarily will reverse the judgment and order the cause remanded for the trial court to address those factors. See D.B. v. D.G., 141 So.3d 1066, 1070-71 (Ala.Civ.App.2013). In this case, because the trial court summarily denied the former wife’s motion, the trial court did not consider the Kirtland factors. Thus, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.