THOMAS, Judge,
dissenting.
I respectfully dissent. I cannot agree that the notice of appeal filed by Aaron Christopher Mitchell (“the husband”) was untimely filed. Because, based on my reading of the motion, I would construe the husband’s July 2, 2015, motion as a Rule 60(b), Ala. R. Civ. P., motion, I con-elude that the husband’s appeal was timely filed from the denial of that motion.
The husband’s July 2, 2015, motion directed to the trial court’s May 30, 2015, default judgment divorcing him from Shauna Lee Campbell (“the wife”) was filed more than 30 days after the entry of the judgment.[2] Thus, the husband’s motion could not have been a timely post-judgment motion under Rule 55(c), Ala. R. Civ. P., which requires that a motion seeking to have a default judgment set aside be filed within 30 days of the entry of the default judgment. Thus, although it erroneously construes the husband’s motion as one pursuant to Rule 59, Ala. R. Civ. P., rather than Rule 55(c), the main opinion reasons that the husband’s motion was not timely filed and did not toll the time for taking an appeal from the May 30, 2015, default divorce judgment.[3]
It is well settled that an appellate court “looks to the essence of a motion, rather than its title, to determine how that motion is to be considered under” the Alabama Rules of Civil Procedure. Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996); see also Union Springs Tel. *926 Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969) (explaining that “the character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title”). Our supreme court has construed a motion indicating that it was an amendment to a Rule 55(c) motion seeking to set aside a default judgment as a Rule 60(b)(1) motion based on the language contained in the motion alleging “‘mistake, inadvertence, surprise, or excusable neglect.’ ” Ex parte Lang, 500 So.2d 3, 4 (Ala.1986). The court explained:
“It is clear that under our Rules of Civil Procedure the nomenclature of a motion is not controlling. Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala.1981). Notwithstanding the designation in its title, the document filed on October 7, 1985, was clearly a Rule 60(b) motion ... seeking relief under grounds (1) and (6)....”
Ex parte Lang, 500 So.2d at 4.
The allegations in the husband’s motion are, to my mind, allegations invoking Rule 60(b)(1). Rule 60(b) provides: “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.” The husband alleges in his motion that he had been unaware that his former counsel withdrew from representation, that he had believed that he was being competently represented by that counsel during the course of the proceedings, and that he had not been made aware of certain orders of the trial court. He then requests that the trial court set aside the default judgment based, at least in part, on his excusable neglect. Thus, the husband’s motion seeks relief under Rule 60(b)(1).[4]
Because I conclude that the husband’s motion was a Rule 60(b)(1) motion, I further conclude that the motion was not untimely filed. A Rule 60(b)(1) motion is required to be filed within four months of the entry of judgment from which the party seeks relief. See Rule 60(b). The denial of a Rule 60(b)(1) motion is a judgment from which an appeal lies. See Williams v. Williams, 910 So.2d 1284, 1286 (Ala.Civ.App.2005). The husband’s notice of appeal, which was filed on September 28, 2015, was filed within 42 days of the trial court’s order denying his Rule 60(b)(1) motion, and, therefore, this court does not lack jurisdiction over the husband’s appeal.
That being determined, I will now turn to the merits of the husband’s appeal. “[T]he only matter renewable in ... an appeal [from the denial of a Rule 60(b) motion] is the propriety of the denial.” *927 Williams, 910 So.2d at 1286. On appeal, the husband argues first that the trial court lacked subject-matter jurisdiction over the wife’s divorce complaint because the wife had not been a resident of the state for at least six months before she filed her divorce complaint. See Ala. Code 1975, § 30-2-5 (“When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.”). The husband then argues that the default divorce judgment improperly awarded the wife certain retirement moneys and that the trial court’s award to the wife of certain property, alimony, and an attorney fee was an abuse of the trial court’s discretion.
The husband’s latter two arguments attack the propriety of the underlying default divorce judgment. However, “[a] Rule 60(b)(1) motion does not serve as a substitute for appeal, and therefore does not present for review the underlying judgment....” Metropolitan Life Ins. Co. v. Akins, 388 So.2d 999, 1000-01 (Ala.Civ.App.1980); see also Hilbish v. Hilbish, 415 So.2d 1114, 1115-16 (Ala.Civ.App.1982) (“Initially, we note that the only matter renewable on this appeal is the order overruling the defendant’s motions and not the 1975 final judgment itself.”). This court cannot consider the propriety of any aspect of the default divorce judgment; thus, those arguments cannot form the basis of a reversal of the order denying the husband’s Rule 60(b)(1) motion.
The husband’s other argument on appeal involves the subject-matter jurisdiction of the trial court. Although the husband’s failure to make that argument to the trial court is typically not fatal to an appellate court’s consideration of subject-matter jurisdiction on appeal, see Carter v. Hilliard, 838 So.2d 1062, 1063 (Ala.Civ.App.2002), this appeal is concerned only with the correctness of the order denying the husband’s Rule 60(b)(1) motion, which did not assert the subject-matter-jurisdiction argument to the trial court, and the subject-matter-jurisdiction argument is therefore not within the scope of appellate review of that order. The argument on appeal is not that the trial court lacked jurisdiction over the Rule 60(b) motion but, instead, that the trial court lacked jurisdiction over the underlying divorce action. An appellate court cannot entertain arguments directed to the underlying judgment, so, again, this court cannot reverse the order denying the Rule 60(b)(1) motion based on the husband’s argument.
In conclusion, in my opinion, the husband’s July 2, 2015, motion was a Rule 60(b)(1) motion seeking relief from the May 30, 2015, default divorce judgment. Because I consider the husband’s motion to be a Rule 60(b)(1) motion, I conclude that it was not untimely filed. Because I conclude that the husband’s appeal from the August 31, 2015, denial of his Rule 60(b)(1) motion was timely, I further conclude that this court has jurisdiction to entertain the husband’s appeal. However, because appellate review of an appeal from an order denying a Rule 60(b)(1) motion is limited to the propriety of the order denying that motion, this court cannot consider the arguments asserted by the husband on appeal, which attack the underlying default divorce judgment. I would, therefore, affirm the August 31, 2015, order denying the husband’s motion.
MOORE, J., concurs.

. The trial court acted within its discretionary authority to enter a default judgment against the husband based on his failure to answer the discovery propounded by the wife after the trial court entered an order compelling discovery. See Rule 37(b)(2)(C), Ala. R. Civ. P.; Johnson v. Johnson, 168 So.3d 61, 63 (Ala.Civ.App.2014) (noting that, when "a party fails to obey an order to provide or permit discovery,” Rule 37(b)(2), "Rule 37(b)(2)(C) ... authorizes a sanctioning court to enter ‘[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party' ").

. Although, as I will explain, infra, I construe the husband's motion as a Rule 60(b) motion, I note that the main opinion improperly construes the husband’s motion as a Rule 59, Ala. R. Civ. P., motion. The proper vehicle for requesting that a default judgment be set aside is Rule 55(c) motion, and the husband titled his motion as both a “motion to set aside” and as a "motion to alter, amend or vacate" the default judgment. See B.E.H. v. State ex rel. M.E.C., 71 So.3d 689, 692 n. 1 (Ala.Civ.App.2011) ("Although the father titled his motion as one seeking ‘reconsideration’ of the judgment pursuant to Rule 59, Ala. R. Civ. P., the substance of the motion indicates that the father was seeking to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P.”); see also Austin v. Austin, 159 So.3d 753, 756 n. 2 (Ala.Civ.App.2013), and R.J.G. v. S.S.W., 42 So.3d 747, 753 (Ala.Civ.App.2009). As the main opinion correctly notes, a Rule 59 motion also must be filed within 30 days of the judgment to which it is directed. See 217 So.3d at 924; Rule 59(b).

. I note that "[a] party seeking to set aside a default judgment under Rule 60(b)(1) not only must prove excusable neglect, but also must satisfy the trial court that the factors enunciated in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), weigh in favor of setting aside the judgment. See generally DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala.1990).” Marks v. Marks, 181 So.3d 361, 364 (Ala.Civ.App.2015). In fact, we have held that, "in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the parly filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors.” Brantley v. Glover, 84 So.3d 77, 81 (Ala.Civ.App.2011). Although the husband's Rule 60(b)(1) motion at least asserts generally that he might have a meritorious defense, it does not mention the second or the third of the Kirtland factors, which are "whether the plaintiff will be unfairly prejudiced if the default judgment is set aside” and "whether the default judgment was a result of the defendant's own culpable conduct.” Kirtland, 524 So.2d at 605. However, the husband’s failure to properly argue the Kirtland factors in his motion does not impact my conclusion that the motion is a Rule 60(b)(1) motion.