Rel: February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

_____

## 1200541

_____

## Tarik Yahia Farrag, M.D.

### v.

## Cynthia Diane Dennis Thomas

_____

## 1200542

_____

## Tarik Yahia Farrag, M.D.

### v.

## Cynthia Diane Dennis Thomas

1200541 and 1200542

**Appeals from Covington Circuit Court**
**(CV-18-2 and CV-18-900005)**

STEWART, Justice.

These two consolidated appeals arise from judgments entered by the Covington Circuit Court ("the trial court") in two identical medical-malpractice actions commenced by Cynthia Diane Dennis Thomas against Tarik Yahia Farrag, M.D. In appeal no. 1200541, Dr. Farrag appeals from the trial court's judgment denying his Rule 60(b), Ala. R. Civ. P., motion seeking relief from a default judgment entered against him in case no. CV-18-2. In appeal no. 1200542, Dr. Farrag appeals from the judgment dismissing case no. CV-18-900005. We affirm the judgment in appeal no. 1200541, and we dismiss appeal no. 1200542.

Facts and Procedural History

On January 12, 2018, Thomas initiated a medical-malpractice action ("the malpractice action") under the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala. Code 1975, against Dr. Farrag and South Otolaryngology-Head and Neck Surgery, LLC ("South Otolaryngology"). Thomas intended to commence the action in the trial court but mistakenly commenced it in the Coosa Circuit Court. On January 17, 2018, Thomas initiated a duplicate action in the trial court,

2

which was assigned case no. CV-18-900005 ("the duplicate action"). On January 19, 2018, Thomas filed a motion to transfer the malpractice action from the Coosa Circuit Court to the trial court. That motion was granted on January 23, 2018, and the malpractice action was transferred to trial court and assigned case no. CV-18-2. Thereafter, all pertinent pleadings and motions were filed in the malpractice action, i.e., case no. CV-18-2, and Thomas made no further effort to separately prosecute the duplicate action.

Thomas made several unsuccessful attempts to serve Dr. Farrag by certified mail. Thereafter, Thomas retained a process server to attempt to locate and serve Dr. Farrag. According to Thomas, the process server spoke with Dr. Farrag, who instructed him to direct service to Patrick Hays, Dr. Farrag's personal attorney. The summons and complaint in the malpractice action were personally delivered to Hays's law firm, and, on September 17, 2019, Hays entered a general appearance on behalf of Dr. Farrag.

On October 7, 2019, Hays filed a motion on behalf of Dr. Farrag, arguing that dismissal of the malpractice action was warranted under Rule 4(b), Ala. R. Civ. P., on the ground that Dr. Farrag had not been

3

personally served within 120 days of the filing of the complaint. That motion stated, in pertinent part:

> "… At some point [Thomas] spoke with [Dr. Farrag], and [Dr. Farrag] instructed [Thomas] to send [the] lawsuit to [Hays's] firm, [and the summons and complaint delivered to Hays's firm] was dated August 13, 2019.
>
> "… [Dr. Farrag's] counsel is not the proper party of the lawsuit. So as of … October 7, 2019, [Dr. Farrag] is yet to be properly served."

In response to Dr. Farrag's motion to dismiss, Thomas argued that Hays was Dr. Farrag's agent authorized to accept service and that Dr. Farrag had waived his argument as to improper service and lack of personal jurisdiction when Hays had filed a general appearance in the trial court on Dr. Farrag's behalf. On March 9, 2020, the trial court entered an order denying Dr. Farrag's motion to dismiss.

On July 23, 2020, the trial court set the malpractice action for a jury trial to be held on October 19, 2020. On July 30, 2020, Hays moved to withdraw from his representation of Dr. Farrag, and the trial court granted that motion on August 20, 2020.[1] On October 1, 2020, Thomas

---

[1]Hays had filed an earlier motion to withdraw on November 18, 2019, but that motion had not been ruled upon and Hays had continued to serve as Dr. Farrag's counsel.

4

filed in the malpractice action an application for a default judgment against Dr. Farrag and an entry of default was made by the trial-court clerk on that date. On October 6, 2020, Dr. Farrag sent a letter to the trial court asking that the trial scheduled for October 19, 2020, be postponed for four to five months because he would be out of the State of Alabama for more than a month and because he needed time to obtain legal representation. The trial was rescheduled and set for January 25, 2021.

On October 30, 2020, the trial court entered an order in the malpractice action, setting a hearing on December 1, 2020, for the purposes of determining damages and entering a final default judgment in favor of Thomas against Dr. Farrag. At the hearing, Thomas presented testimony and evidence to the trial court regarding her damages. Dr. Farrag did not appear at the hearing. On December 2, 2020, the trial court entered a default judgment in the malpractice action in the amount of $500,000 in favor of Thomas and against Dr. Farrag.

On January 15, 2021, the trial court entered an order resetting the malpractice action and the duplicate action for trial on February 22, 2021. On January 21, 2021, Thomas moved to dismiss South

Otolaryngology from the malpractice action, without prejudice.[2]  On January 28, 2021, the trial court entered an order in the malpractice action, dismissing the claims against South Otolaryngology and directing the trial-court clerk to mark the malpractice action as having been disposed of.

On February 19, 2021, Dr. Farrag, represented by new counsel, filed a motion pursuant to Rule 60(b)(1), Ala. R. Civ. P., seeking relief from the default judgment entered in the malpractice action and citing "excusable neglect" as the sole ground for relief.  In that motion, Dr. Farrag asserted that he had not known that a default judgment had been entered against him and that he had believed that the malpractice action was set for trial on February 22, 2021.  Dr. Farrag stated that it was only after he had retained new counsel in early February 2021 that he had discovered the default judgment against him.  Dr. Farrag's Rule 60(b) motion did not include a challenge to personal jurisdiction or to the sufficiency of service of process under Rule 60(b)(4).

---

[2]The record indicates that South Otolaryngology had never been served and had not made an appearance in the malpractice action.

On April 5, 2021, the trial court conducted an evidentiary hearing on Dr. Farrag's Rule 60(b) motion, during which Dr. Farrag submitted testimony and evidence in support of his motion. Dr. Farrag testified that he had a meritorious defense to Thomas's claims, contending that Thomas's injuries had been the result of her own conduct in refusing to return for a critical postoperation appointment. Dr. Farrag claimed that members of his office staff had made repeated attempts to reach Thomas after her missed postoperation appointment, and he submitted letters that he had allegedly sent to Thomas documenting his staff's attempts to reach Thomas.

Dr. Farrag also admitted that he had been aware of the malpractice action against him and that he had retained Hays to represent him. He noted that, at some point, he had terminated Hays's representation of him. Dr. Farrag claimed that, at the time of that termination, Hays had informed him that the malpractice action had been dismissed, and Dr. Farrag stated that he had relied upon that representation. Dr. Farrag admitted, however, that he had continued to receive at least some court filings, including a deposition notice and notices of various trial settings. Dr. Farrag stated that he had retained his new counsel in early February

2021, for the purpose of representing him at the scheduled February 22, 2021, trial, and he claimed that he had learned of the default judgment against him only after retaining new counsel. During the hearing on the Rule 60(b) motion, Dr. Farrag's counsel also noted that the duplicate action remained pending and made an oral motion to dismiss that action.

On April 7, 2021, the trial court entered an order in the malpractice action denying Dr. Farrag's Rule 60(b) motion. The trial court also dismissed the duplicate action. Dr. Farrag filed separate notices of appeal, challenging the judgment denying his Rule 60(b) motion in the malpractice action and the judgment dismissing the duplicate action. The appeal from the malpractice action was assigned appeal no. 1200541; the appeal from the duplicate action was assigned appeal no. 1200542. This Court consolidated the appeals.

## Analysis

### Appeal No. 1200541

On appeal, Dr. Farrag first presents an argument that was not raised in his Rule 60(b) motion -- that Hays was not authorized to accept service on Dr. Farrag's behalf and that, therefore, the default judgment is void because of insufficiency of service of process. Generally, "'[t]he

8

failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the trial court of personal jurisdiction over the defendant and renders a default judgment void.'" Boudreaux v. Kemp, 49 So. 3d 1190, 1194 (Ala. 2010) (quoting Nichols v. Pate, 992 So. 2d 734, 736 (Ala. Civ. App. 2008)). Rule 60(b)(4) provides that, "[o]n motion," a court may relieve a party from a judgment on the ground that "the judgment is void."

However, unlike subject-matter jurisdiction, personal jurisdiction is subject to waiver.

> "[U]nder certain circumstances the lack of personal jurisdiction is subject to waiver, i.e., 'defects in personal jurisdiction … can be waived,' which distinguishes personal jurisdiction from subject-matter jurisdiction, which '"may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu."' J.T. v. A.C., 892 So. 2d 928, 931 (Ala. Civ. App. 2004) (quoting C.J.L. v. M.W.B., 868 So. 2d 451, 453 (Ala. Civ. App. 2003)). See also Kingvision Pay-Per-View, Ltd. v. Ayers, 885 So. 2d 45 (Ala. 2003) (holding that insufficient service of process may be waived); Hall v. Hall, 122 So. 3d 185, 190 (Ala. Civ. App. 2013) ('"A defense alleging a lack of personal jurisdiction because of insufficiency of service of process, however, can be waived if the defendant submits himself or herself to the jurisdiction of the trial court."' (quoting Klaeser v. Milton, 47 So. 3d 817, 820 (Ala. Civ. App. 2010))); and Rule 12(h)(1), Ala. R. Civ. P. ('A defense of lack of jurisdiction over the person … is waived … if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof. …')."

Campbell v. Taylor, 159 So. 3d 4, 11 (Ala. 2014).

9

Indeed, under Alabama law, a party seeking to set aside a default judgment by filing a Rule 60(b) motion forfeits any personal-jurisdiction challenge to the default judgment if such a challenge is not asserted in the Rule 60(b) motion or is unsupported by evidence or citation to authority. See Campbell, 159 So. 3d at 13 (affirming denial of motion brought under Rule 60(b)(4) when movant failed to present authority showing that circuit court lacked personal jurisdiction over movant); and Pruitt v. Palm, 671 So. 2d 105 (Ala. Civ. App. 1995) (affirming denial of motion brought under Rule 60(b)(4) when material facts supporting motion were not established in record on appeal). A federal circuit court, construing analogous federal rules, has explained this forfeiture rule as follows:

> "This forfeiture rule reflects the functional similarity between a personal jurisdictional challenge to a default judgment and a motion to dismiss for lack of jurisdiction under [Rule 12(b)(2), Fed. R. Civ. P.]. A defense of lack of jurisdiction is forfeited if not asserted in a timely motion to dismiss under Rule 12 or a responsive pleading or amendment of such as provided by Rule 15[, Fed. R. Civ. P.] Fed. R. Civ. P. 12(h); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982). A motion to vacate under Rule 60(b), [Fed. R. Civ. P.,] for lack of jurisdiction is essentially equivalent to a Rule 12(b)(2) motion to dismiss for lack of jurisdiction."

10

Swaim v. Moltan Co., 73 F.3d 711, 718 (7th Cir. 1996) (holding that "in personam jurisdictional challenges to default judgments are forfeited if not asserted in a Rule 60(b)[, Fed. R. Civ. P.,] motion, if such a motion is made").[3] See also In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299-1300 (11th Cir. 2003) (holding that movant seeking to set aside default judgment waived his lack-of-service-of-process argument when that argument was not asserted in his motion filed pursuant to Rule 60(b)(1) and (b)(6), Fed. R. Civ. P.); and State v. All Real Prop., 95 P.3d 1211, 1215-16 (Utah Ct. App. 2004) (holding that party seeking to set aside default judgment waived his insufficiency-of-service claim by failing to include that argument in his first Rule 60(b), Utah R. Civ. P., motion).

Here, Dr. Farrag did not raise his improper-service/lack-of-personal-jurisdiction argument in his Rule 60(b) motion seeking relief from the default judgment. Accordingly, Dr. Farrag forfeited that challenge to the default judgment. Additionally, Dr. Farrag cannot now raise this issue for the first time on appeal. Clements v. Clements, 990

---

[3]"It is well settled that federal decisions regarding the Federal Rules of Civil Procedure are highly persuasive when this Court is called upon to construe the Alabama Rules of Civil Procedure because the Alabama Rules of Civil Procedure are modeled upon the Federal Rules of Civil Procedure." Allsopp v. Bolding, 86 So. 3d 952, 959 n.4 (Ala. 2011).

11

So. 2d 383, 396 (Ala. Civ. App. 2007) (holding that lack-of-personal-jurisdiction argument made for the first time on appeal was waived).

Similarly, Dr. Farrag raises several other arguments for the first time on appeal -- specifically, that he did not receive proper notice of Thomas's filing of her application for a default judgment and that the damages awarded to Thomas are excessive. As with his argument regarding personal jurisdiction, these arguments were not properly preserved for appellate review. Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992) ("[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [the appellate court's] review is restricted to the evidence and arguments considered by the trial court.").

Next, Dr. Farrag argues that he is entitled to relief from the default judgment on the basis of "excusable neglect" and that the trial court, therefore, erred in denying his Rule 60(b) motion. Rule 60(b)(1) provides that a "court may relieve a party … from a final judgment … for … mistake, inadvertence, surprise, or excusable neglect."

> "It is well established that the decision to grant or to deny relief pursuant to a Rule 60(b)(1) motion is within the trial court's discretion. In reviewing the trial court's ruling on such a motion, we cannot disturb the trial court's decision

12

unless the trial court abused that discretion. <u>DaLee v. Crosby Lumber Co.</u>, 561 So. 2d 1086, 1089 (Ala. 1990). Additionally, under Rule 60(b)(1), a party seeking to set aside a default judgment not only must prove excusable neglect but also must satisfy the trial court that the other factors enunciated in <u>Kirtland</u>[ v. Fort Morgan Authority Sewer Service, Inc., 524 So. 2d 600 (Ala. 1988),] weigh in favor of setting aside the judgment. <u>Marks v. Marks</u>, 181 So. 3d 361, 364 (Ala. Civ. App. 2015). <u>See also</u> <u>DaLee</u>, 561 So. 2d at 1091. Those factors include a showing that the defaulting party has a meritorious defense, that the plaintiff will not be unfairly prejudiced if the default judgment is set aside, and that the default judgment was not a result of the defaulting party's own culpable conduct. <u>Brantley v. Glover</u>, 84 So. 3d 77, 80-81 (Ala. Civ. App. 2011) (citing <u>Kirtland</u>, 524 So. 2d at 605)."

<u>J.N.M.-R. v. M.D.L.-C.</u>, [Ms. 2210294, Oct. 21, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022). Furthermore, "where there are disputed issues of fact to be resolved and the trial court has received ore tenus evidence, the ore tenus rule is applicable to our review of a ruling on a Rule 60(b)[] motion." <u>Ex parte A & B Transp., Inc.</u>, 8 So. 3d 924, 932 (Ala. 2007).

In describing what constitutes "excusable neglect" warranting the setting aside of a default judgment under Rule 60(b)(1), this Court has explained:

"'It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon

13

important business, his motion to set aside a judgment for default should be denied. Little v. Peevy, [238 Ala. 106, 189 So. 720 (1939)].

"'Courts cannot act as guardian for parties who are grossly careless of their own affairs. All must be governed by the laws in force, universally applied, according to the showing made.

"'If judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.'"

DaLee v. Crosby Lumber Co., 561 So. 2d 1086, 1091 (Ala. 1990) (quoting McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 301, 27 So. 2d 499, 503 (1946)).

In the malpractice action, Dr. Farrag was initially represented by Hays, who filed a motion to dismiss the action on Dr. Farrag's behalf. The motion to dismiss was denied on March 9, 2020, and Dr. Farrag did not thereafter file an answer. Dr. Farrag claimed that at some point he terminated Hays's representation of him. Indeed, on July 30, 2020, Hays moved to withdraw as counsel for Dr. Farrag, claiming that he and Dr. Farrag were at an impasse on how to defend the case. The trial court granted that motion on August 20, 2020. Dr. Farrag testified that, at the

14

time he terminated Hays's representation of him, Hays had told him that the malpractice action had been dismissed. Dr. Farrag argues on appeal that his reliance on that purported representation by Hays constitutes excusable neglect warranting relief from the default judgment.

The trial court, however, was not obligated to believe Dr. Farrag's testimony that he had relied on a purported representation by Hays that the malpractice action had been dismissed. Indeed, there was an abundance of evidence indicating that Dr. Farrag knew that the case remained active and was progressing toward trial. Hays's motion to withdraw -- which, according to the certificate of service, was mailed to Dr. Farrag -- indicated that the case was continuing and had not been dismissed. Furthermore, numerous other court filings bear a certificate of service indicating that they were mailed to Dr. Farrag between the time of Hays's withdrawal and the entry of the default judgment, each of which also would have alerted Dr. Farrag that the case was ongoing. For example, Dr. Farrag testified that he had received a notice of deposition filed by Thomas on August 28, 2020, for a witness deposition scheduled for September 22, 2020. Dr. Farrag was also aware that the case had been set for trial on October 19, 2020, and he wrote the trial court on

15

October 6, 2020, to obtain a postponement, citing, among other reasons, his need to retain legal representation. On October 30, 2020, the trial court entered an order setting a December 1, 2020, hearing on Thomas's application for a default judgment. The trial court verified that that order was mailed to Dr. Farrag. Dr. Farrag, however, did not appear for the hearing, and the trial court entered the default judgment in the malpractice action on December 2, 2020. Dr. Farrag did not seek to defend the malpractice action until after he had retained new counsel in early February 2021.

Considering the record before us, the trial court was free to conclude, as it did, that Dr. Farrag had not sufficiently established that he "was prevented from appearing and defending the suit by 'mistake, inadvertence, surprise, or excusable neglect' that ordinary prudence could not have guarded against." DaLee, 561 So. 2d at 1091. There was evidence before the trial court indicating that Dr. Farrag had known that the case was ongoing but, nevertheless, had waited months to defend against the action, thus demonstrating that Dr. Farrag was not prevented from appearing and defending the action due to excusable neglect. Accordingly, Dr. Farrag has not demonstrated that the trial

court exceeded its discretion in denying Dr. Farrag's Rule 60(b) motion. See J.N.M.-R., ___ So. 3d at ___ (affirming circuit court's denial of motion brought under Rule 60(b)(1) because the trial court could have found that defendant's testimony supporting motion was not credible, when other testimony indicated that defendant had been grossly careless of his own affairs and had history of ignoring the other orders of the circuit court); and Taylor v. Williams, 455 So. 2d 893, 894 (Ala. Civ. App. 1984) (holding that trial court did not abuse its discretion in denying motion brought under Rule 60(b)(1) when there was conflicting evidence regarding whether moving party had received notice of hearing).

Furthermore, Dr. Farrag argues that the trial court erred in failing to specifically address the three factors identified in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So. 2d 600 (Ala. 1988). To obtain relief from the default judgment under Rule 60(b), a movant is required to show not only that that the Kirtland factors weighed in his or her favor, but also that one of the grounds for relief under Rule 60(b) exists -- in this case, Dr. Farrag was required to show that his failure to defend was the result of "excusable neglect" under Rule 60(b)(1). See DaLee, 561 So. 2d at 1091 (noting that to set aside default judgment

17

under Rule 60(b) the defaulting party not only must establish that the Kirtland factors weigh in favor of setting aside the judgment "but must also demonstrate the ground under Rule 60(b) justifying relief from the final judgment"), and Fountain v. Permatile Concrete Prods. Co., 582 So. 2d 1069, 1072 (Ala. 1991) (holding that to obtain relief under Rule 60(b)(1) the movant must have established not only that the Kirtland factors weighed in his favor, but also that the requirements of Rule 60(b)(1) were satisfied). Here, because the trial court concluded that Dr. Farrag had not demonstrated that his failure to defend the malpractice action was due to excusable neglect under Rule 60(b)(1), it was not necessary for the trial court to also weigh the Kirtland factors. See J.N.M.-R., ___ So. 3d at ___ (holding that, because the trial court concluded that defendant had failed to establish excusable neglect under Rule 60(b)(1), there was no need to discuss Kirtland factors).

Appeal No. 1200542

Regarding the appeal from the judgment dismissing the duplicate action, we note that the judgment in that action was wholly in Dr. Farrag's favor. Furthermore, Dr. Farrag has made no arguments on appeal directed toward that judgment. We, therefore, dismiss the appeal.

18

See Ex parte Jefferson Cnty. Sheriff's Dep't, 13 So. 3d 993, 996 (Ala. Civ. App. 2009) (quoting Personnel Bd. of Jefferson Cnty. v. Bailey, 475 So. 2d 863, 865-66 (Ala. Civ. App. 1985)) ("'[W]here a judgment is wholly in a party's favor and there is nothing prejudicial in the judgment no appeal lies to the prevailing party.'"); Rule 2(a)(2)(C), Ala. R. App. P. (providing that this Court may dismiss an appeal when it determines that there is an obvious failure to prosecute an appeal).

## Conclusion

In appeal no. 1200541, the judgment denying Dr. Farrag's Rule 60(b) motion is affirmed. Appeal no. 1200542 is dismissed.

1200541 -- AFFIRMED.

1200542 -- APPEAL DISMISSED.

Parker, C.J., and Wise, Sellers, and Cook, JJ., concur.